Case 4:23-cv-04015 Document 1-1 Filed on 10/18/23 in TXSD Page 1 of 9

United States Courts
Southern District of Texas
FILED

OCT 18 2023

Nathan Ochsner, Clerk of Court Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **Valerie Prevost** | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| **City of Houston** | § | |
| Defendant | § | |

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment Americans with disabilities act Amendments Act of 2008(ADAA) as amended: Age 63 in violation of Age Discrimination in Employment Act of 1967(ADEA)as amended and Religion Christian in Violation of Title VII of the Civil RirhtsAct of 1964as amended discrimination.

   Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2. The Plaintiff is:    Valerie Prevost
   Address:        13538 Forest Gully
                        Houston Texas_77067

County of Residence: Harris County

2. The defendant is: The City of Houston -Legal Department Labor and Employment
   Address:        901 Bagby
                        Houston, Texas 77002

1

☐ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. Valerie Prevost has attached to this complaint a copy of the charges filed on December 22, 2022, with the Equal Opportunity Commission. (a copy is attached)

5. On July 24, 2023, Valerie Prevost received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of Valerie Prevost's: (a) Disabilities (b) Age (c) Religion (d) Retaliation (d)

7. When and how the City of Houston has discriminated against Valerie Prevost:

(a)The discrimination started from January 2021 to August 31, 2022, and I was forced to retire. The City of Houston is fully aware of my disability as my accommodation is on the file of my disabilities. The City of Houston has a regular policy 100-4 in place to have any employees who work at this building be dropped off in front of the building as long as a request was made and approved. I complied and filed my request for accommodation with the City of Houston for 6 years it was approved. Suddenly, I was told by Allied Security I could no longer be dropped off at the front and forced to be dropped off at the gates and walk to the building. The City of Houston already knew my condition with my Dr. Certification of my Disability. (b) I had an incident and fell because of this decision. I filed a report with the City of Houston, and nothing was done to correct or make appropriate changes. (c) I informed the supervisor manager, Deputy Director, and OIG of discrimination. I was told to complete a medical questionnaire and other employees didn't have to fill out one, and this requirement is not in the policy. ; I knew that was not required since this was a regular policy. I had approval and informed the City of Houston of prior approval and present approval. To prevent further injury to myself and because the City of Houston did nothing to correct

2

this situation. I further experienced (c) I was forced to resign due to unsafe working conditions, (d) age discrimination- failure to interview/promotion on a job I was already doing.,(e) religious discrimination was written up for saying, Jesus Christ, (f) Health and Safety Environment, isolated separately from my peers/ leaking roof for the unsafe environment which caused me to fall again as a disabled employee. The fall and injury were never reported. (g) retaliation/harassment; deleted government emails and documents due to disability and age. Denial of Gate access was a smaller picture of the bigger problem of discrimination. The City of Houston created an unbearable condition forcing me to walk as a targeted protected class to suffer the hostile environment in which my work was intolerable.

8. Valerie Prevost is seeking a court order requiring the City of Houston to provide additional assistance, including injunctions, to safeguard the rights of all disabled employees. This assistance includes training for all management staff and updated internal policies to comply with federal anti-disability discrimination laws. In addition, Valerie is requesting mandatory training on disability accommodation and discrimination laws for all management employees to prevent any future violations. She is also seeking compensation amounting to $150,000 for the City of Houston's refusal to accommodate workers under their regular policy, $260,000 for lost wages, and $200,000 for harassment, retaliation, and court fees.

*VP*

---

Valerie Prevost, Plaintiff
Address: 13538 Forest Gully, Houston Texas 77067 Telephone: 832 297-9379
Email address: vprevost1@yahoo.com

3



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

### DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/24/2023

To: Ms. Valerie S. Prevost
13538 Forest Gully
Houston, TX 77067
Charge No: 460-2022-06413

EEOC Representative and email:  GERARD LADERA
Federal Investigator
gerard.ladera@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2022-06413.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
07/24/2023
Rayford O. Irvin
District Director

Cc:
Amber M Simpson
900 BAGBY ST FL 3
Houston, TX 77002

Deidra Norris Sullivan
City of Houston Legal Department – Labor and Employment
PO BOX 368
Houston, TX 77001

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## "Regarded as" coverage

An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now **include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 460-2022-06413 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor

Houston, TX 77002.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

EEOC Form 5 (11.09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 460-2022-06413 |

Texas Workforce Commission Civil Rights Division and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Valerie S. Prevost | (832) 297-9379 | 1960 |

Street Address

13538 Forest Gully

Houston, TX 77067

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| City of Houston | 501+ Employees | |

Street Address

901 BAGBY ST

Houston, TX 77002

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Age, Disability, Religion, Retaliation | 08/31/2022 | 08/31/2022 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

On or about August 31, 2022, I was forced to retire. Respondent is fully aware of my disability as my accommodation is on file. There is a policy (policy 100-4) in place to have employees dropped off in front of the building as long as the request was made and approved. I complied and also filed my accommodation with Respondent. Suddenly, I was told by Allied Security i could no longer be dropped off at the front and was forced to be dropped off at the gates and walk to the building. I had an incident and fell. I filed a report with Respondent, and nothing was done to correct and/or make appropriate changes. I complained to my supervisor, manager, Deputy Director and OIG. I was told to complete a medical questionnaire. I knew that was not required since I had approval and informed Respondent of prior approval. To prevent further injury to myself and because Respondent did nothing to correct this mistake, I was forced to resign. I believe that I was retaliated and discriminated against because of my Disability, in violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), as amended; Age (63), in violation of Age Discrimination in Employment Act of 1967 (ADEA), as amended; and Religion (Christian), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Digitally Signed By: Ms. Valerie S. Prevost<br><br>12/22/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |