United States Courts
Southern District of Texas
FILED

APR 2 2 2024

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

§

Valerie Prevost §

Plaintiff §

§    CIVIL ACTION NO:4:23-CV-04115

VS. §

§

City of §

Houston §

Defendant

## PLAINTIFF AMENDED THE EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment Americans with disabilities act Amendments Act of 2008(ADAA) as amended: Age 63 in violation of Age Discrimination in Employment Act of 1967(ADEA)as amended and Religion Christian in Violation of Title VII of the Civil RirhtsAct of 1964as amended discrimination.

Jurisdiction is conferred by Title 42 United States Code, Section§ 2000e-5.

2. The Plaintiff is:     Valerie Prevost

Address:          13538 Forest Gully

Houston Texas 77067

County of Residence: Harris County

3. The defendant is The City of Houston

Address:      901 Bagby

Houston, Texas 77002

Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. Valerie Prevost has attached to this complaint a copy of the charges filed on December 22, 2022, with the Equal Opportunity Commission. (a copy is attached)

5. On July 24, 2023, Valerie Prevost received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Valerie Prevost discriminated in the following areas: (a) Disabilities (b) Age (c) Religion (d) Retaliation

7. When and how the City of Houston has discriminated against Valerie Prevost:

(a) Between December 2020 and August 31, 2022, there were reports of discrimination by certain management employees, including former Deputy Director Nickea Bradley. The Office of Inspector General has filed a report against Bradley for discrimination related to race, sexual orientation, religion, age, and disability. Several employee witnesses reported instances of discrimination within the City of Houston, Office of Emergency Management, and against Prevost. Robert Mock, Director of the Houston Emergency approved Valerie Prevost's husband to drop her close to the building as a disabled employee due to Prevost providing medical reasons. Prevost was discriminated against and was stopped from being dropped closer to the City building. The City of Houston has a regular policy 100-4 in place to have any employees who work at this building be dropped off in front of the building as long as a request was made and approved. Prevost complied and filed a request for accommodation with the City of Houston for the past 6 years and it was approved under prior management. The City of Houston already knew Prevost condition with Dr. Certification of her Disability. Suddenly, Prevost was told by Allied Security, Summer Thompson, and Joe Loud, HEC manager, that she could no longer be dropped off at the front and forced to be dropped off at the gates and walk to the building. Laud

2

requested Prevost to provide a questionnaire dealing with duties under Policy 3-34 accommodation. You don't need to request mandatory accommodation under Policy 3-34 when disability is obvious according to Policy. Prevost had an obvious disability she used a walker and the request had nothing to do with her duties. Laud never approved Prevost through the Gate of Houston Emergency Center. Robert Mock, HEC Director confirmed in writing to Prevost she doesn't need a questionnaire and Mock never communicated to Joe Loud, HEC manager to have Allied Security approve Prevost through the gate. Prevost provides all requests according to policy 100-4 and no other employee had to endure the same as Prevost did (b) Prevost fell and was injured due to this decision. Prevost didn't understand the extent of her injuries when she fell, until August 25, 2022, her doctor confirmed the injury from the fall. Prevost made several administrative attempts to correct the situation and reported it to the City of Houston, but no action was taken to correct the issue. (c) Prevost informed the supervisor manager, Deputy Director, and OIG of discrimination. I was told to complete a medical questionnaire and other employees didn't have to fill out one, and this requirement is not in the policy 100-4. ; I knew that was not required since this was a regular policy. I had approval and informed the City of Houston of 6 years of prior approval and present approval. To prevent further injury to myself and because the City of Houston did nothing to correct

3

this situation. I further experienced (c) I was forced to resign due to intolerable working conditions from unsafe working conditions and being forced to walk from outside of the gate and not close to the building, (d) age discrimination- failure to interview/promotion on a job I was already doing; grievance was filed. (e) religious discrimination was written up for saying, Jesus Christ. (f) Roof leaking report and pictures of Health and Safety Environment, isolated Prevost separately from her peers/ leaking roof for the unsafe environment which caused me to fall on the wet rug as a disabled employee. The fall and injuries were never reported to the insurance group by the supervisor Vlad Ibarra. (g) retaliation/harassment; deleted government emails and documents due to disability and age. Denial of Gate access was a smaller picture of the bigger problem of discrimination. The City of Houston created an unbearable condition forcing me to walk as a targeted protected class to suffer the hostile environment in which my work was intolerable.

8. Valerie Prevost is seeking a court order requiring the City of Houston to provide additional assistance, including injunctions, to safeguard the rights of all disabled employees. This assistance includes training for all management staff and updated internal policies to comply with federal anti-disability discrimination laws. In addition, Valerie is requesting mandatory training on disability accommodation and discrimination laws for all management employees to prevent any future violations. The City of Houston is not eligible or can claim for immunity because:

4

CIVIL PRACTICE AND REMEDIES CODE

## TITLE 5. GOVERNMENTAL LIABILITY

### CHAPTER 101. TORT CLAIMS

## SUBCHAPTER B. TORT LIABILITY OF GOVERNMENTAL UNITS

Sec. 101.021. GOVERNMENTAL LIABILITY. A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence

Prevost claims her injuries compensation from her fall due to the negligence of the City of Houston's unsafe working conditions, fall and because of not accommodating a disabled employee, the liability starts at the time the employee identifies injuries. Prevost is also seeking compensation amounting to $150,000 for the City of Houston's refusal to accommodate workers under their regular policy, $260,000 for lost wages, and $200,000 for harassment, retaliation through cyberbullying, and court fees.

Valerie Prevost, Plaintiff, ProSe
Address: 13538 Forest Gully, Houston Texas 77067
Telephone: 832 297-9379
Email address: vprevostl@yahoo.com

**Valerie Prevost**
**13538 Forest Gully, Houston Texas**
**vprevost1@yahoo.com  832 -297-9379**

04/12/2024

Valerie Prevost, ProSe
13538 Forest Gully
Houston, Texas 77067

Nathan Ochsner
Clerk of Court
515 Rusk
Houston Texas 77002

Ref: Plaintiff Amended Employment Discrimination Complaint. Case 4:23-CV-04115

Mr. Nathan,

Please see the Plaintiff Amended Employment Discrimination Complaint Case number 4:23-CV-04115. confirm receipt on the docket.

The service was sent via certified mail on 04/19/2024

Sincerely

Valerie Prevost , ProSe

Proverbs 15:3-3. The eyes of the LORD are everywhere, keeping watch on the wicked and the good.
Proverbs 19:9-9 A false witness will not go unpunished, and whoever pours out lies will perish.
1 Corinthians 1:18-18 For the message of the cross is foolishness to those who are perishing, but to us who are being saved, it is the power of God.



**UNITED STATES POSTAL SERVICE.**

```
            CORNERSTONE
         14403 WALTERS RD
       HOUSTON, TX 77014-9998
          (800)275-8777
04/19/2024                    04:31 PM
----------------------------------------
Product          Qty   Unit      Price
                       Price
----------------------------------------
First-Class Mail®  1             $1.63
Large Envelope
    Houston, TX 77002
    Weight: 0 lb 1.90 oz
    Estimated Delivery Date
      Mon 04/22/2024
    Certified Mail®                $4.40
       Tracking #:
         9589 0710 5270 1199 6282 70
    Return Receipt                 $3.65
       Tracking #:
         9590 9402 8744 3310 4572 51
Total                             $9.68

First-Class Mail®  1             $1.63
Large Envelope
    Houston, TX 77002
    Weight: 0 lb 1.80 oz
    Estimated Delivery Date
      Mon 04/22/2024

----------------------------------------
Grand Total:                    $11.31
----------------------------------------
Debit Card Remit                $11.31
    Card Name: VISA
    Account #: XXXXXXXXXXXXX6034
    Approval #: 019273
    Transaction #: 030
    Receipt #: 066991
    Debit Card Purchase: $11.31
    AID: A0000000980840      Chip
    AL: US DEBIT
    PIN: Verified
----------------------------------------

  Text your tracking number to 28777 (2USPS)
  to get the latest status. Standard Message
   and Data rates may apply. You may also
  visit www.usps.com USPS Tracking or call
              1-800-222-1811.

   In a hurry? Self-service kiosks offer
   quick and easy check-out. Any Retail
      Associate can show you how.

          Preview your Mail
          Track your Packages
          Sign up for FREE @
      https://informeddelivery.usps.com

   All sales final on stamps and postage.
   Refunds for guaranteed services only.
       Thank you for your business.

       Tell us about your experience.
   Go to: https://postalexperience.com/Pos
   or scan this code with your mobile device,
```



```
        or call 1-800-410-7420.
```