United States District Court
Southern District of Texas

**ENTERED**

June 20, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VALERIE PREVOST, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-04115 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CITY OF HOUSTON, | § | |
| Defendant. | § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiff proceeds here *pro se*. Her amended complaint against the City of Houston states claims with respect to alleged employment discrimination on the basis of age, disability, and religion. Dkt 28. The parties filed competing motions for summary judgment. See Dkts 80 & 82.

The matter was referred for pretrial management to Magistrate Judge Christina Bryan. Dkt 4. Pending is her Memorandum and Recommendation recommending that the motion by Defendant be granted and the motion by Plaintiff be denied. Dkt 125.

Plaintiff filed objections. Dkt 126. Defendant also objects to one factual statement. Dkt 128; see Dkt 125 at 5.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review, the objections by Plaintiff are determined to lack merit. Dkt 126. The Memorandum and Recommendation clearly details the pertinent facts and correctly applies controlling law. See also Dkt 131 at 2–3 (response to objections). And to be clear, the purported bases by which Plaintiff seeks to support a finding of conflict of interest or bias are entirely unavailing, being attenuated in the extreme as to both time and connection. See Dkt 126 at 2–7. That Judge Bryan worked long ago for law firms that themselves rendered services for the City of Houston gives no reasonable appearance of bias or impropriety.

Upon *de novo* review, the factual objection by Defendant is sustained. Dkt 128. Plaintiff doesn't contest such correction. As such, the phrase "her then-supervisor" is stricken and replaced with the phrase "Houston Emergency Center Administrative Manager." See Dkt 125 at 5.

In all other respects, no clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Valerie Prevost to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 126.

The objections by Defendant City of Houston to the Memorandum and Recommendation of the Magistrate Judge are SUSTAINED. Dkt 128.

The Memorandum and Recommendation of the Magistrate Judge, as modified above, is ADOPTED as the Memorandum and Order of this Court. Dkt 125.

The motion by Defendant City of Houston for summary judgment is GRANTED. Dkt 80. For the avoidance of doubt, this entails no award on the request by Defendant for its attorney fees and costs. Id at 23. The Memorandum and Recommendation made no such ruling, and no objection was stated in that regard.

The motion by Plaintiff Valerie Prevost for summary judgment is DENIED. Dkt 82.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 20, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge